UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 7 |
| Mid-America Diesel, Inc., | Case No. 15-50755 |
| Debtor._____/ | Hon. Phillip J. Shefferly |
| Kenneth A. Nathan, Trustee, | Adversary Proceeding No. 16-04278-PJS |
| Plaintiff, | |
| v. | |
| Carl S. Spencer, Sr., Global Diesel, Inc., Shannon Rivera, Jeffrey Rivera and United Industrial Diesel and Parts, Inc., | |
| Defendants._____/ | |

**ORDER DENYING REQUEST
FOR TEMPORARY RESTRAINING ORDER**

On March 16, 2016, the Chapter 7 Trustee filed this adversary proceeding against the Defendants. On June 17, 2016, the Trustee filed a verified first amended complaint. The amended complaint alleges that the Debtor has fraudulently transferred its assets and its business opportunities to the Defendants, all of whom are related parties to the Debtor. Further, the amended complaint alleges that the Defendants are continuing to use the Debtor's assets for their own benefit and to the detriment of creditors of the bankruptcy estate. Count IV of the amended complaint asks for injunctive relief against the Defendants, alleging that the Trustee has been "informed and believes" that the Defendants are selling property of the Debtor's bankruptcy estate. The Trustee does not state how or by whom he was informed. The amended complaint does include screen prints from

websites and photographs of a facility in support of the allegations that the Defendants have offered for sale property belonging to the Debtor, and are conducting business at the same location as the Debtor. Count IV asks the Court to enjoin the Defendants from transferring or otherwise disposing of any of the assets of the Debtor, and any assets of Defendants Global Diesel, Inc. and United Industrial Diesel and Parts, Inc.

The amended complaint is accompanied by a certification signed by the attorney for the Trustee that states that he and the Trustee "are justly fearful and apprehensive that the Defendants will transfer, convey, sell, or otherwise dispose of the assets of [the Debtor], Global Diesel, Inc., and/or United Industrial Diesel and Parts, Inc. if given advance notice of [the Trustee]'s request for injunctive relief thereby causing [the Trustee] to incur immediate and irreparable injury, loss, or damage."

The Trustee also submitted a proposed temporary restraining order for entry by the Court. With limited exceptions for United Industrial Diesel and Parts, Inc., the proposed order restrains and enjoins the Defendants "from transferring, conveying, selling or disposing of any of the property of [the Debtor], Global Diesel, Inc. and/or United Industrial Diesel and Parts, Inc., including all equipment, tools, inventory, diesel engines, vehicles, accounts receivables and cash[.]"

The amended complaint cites no authority for the requested injunctive relief.

Federal Rule of Civil Procedure 65(b)(1)(A), incorporated by Federal Rule of Bankruptcy Procedure 7065, permits the Court to issue a temporary restraining order without notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition.

The Trustee's generalized statement that he has been "informed and believes" is not sufficient to clearly show that an immediate injury will occur before the Defendants can be heard. Further, the amended complaint does not explain why any alleged injury would be irreparable, in other words, why a money judgment in favor of the Trustee and against the Defendants would not adequately compensate the Trustee for any injury. In sum, the amended complaint does not contain enough specific facts to clearly show either that the alleged injury is immediate, or that the alleged injury is irreparable, both of which are required by Fed. R. Civ. P. 65(b)(1)(A).

The Court concludes that the Trustee is not entitled to a temporary restraining order under Fed. R. Civ. P. 65(b) based solely on the verified amended complaint. However, the Court's decision in this regard should not be construed as in any way diminishing the seriousness of the Trustee's allegations, nor should it be taken as a sign of any reluctance by the Court to impose appropriate remedies upon proof of such allegations.

Accordingly,

**IT IS HEREBY ORDERED** that the amended complaint's request for a temporary restraining order is denied.

.

**Signed on June 21, 2016**

        **/s/ Phillip J. Shefferly**
        **Phillip J. Shefferly**
        **United States Bankruptcy Judge**